UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHERONDA BROWN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-344 (VLB) |
| CITY OF BRIDGEPORT, | : | |
| VINCENT LARICCIA, | : | |
| Defendants. | : | January 16, 2008 |

## MEMORANDUM OF DECISION AND ORDER REGARDING THE PLAINTIFF'S UNTIMELY DISCLOSURE OF WITNESSES [DOC. #64, 67, 69]

The plaintiff, Sheronda Brown, brings this case against the defendants, Bridgeport police officer Vincent Lariccia and the city of Bridgeport, pursuant to 42 U.S.C. § 1983 claiming Lariccia violated her Fourth Amendment rights by using excessive force while intervening in a dispute. Brown also asserts five claims under Connecticut common law stemming from the same underlying facts: 1) assault; 2) reckless or negligent assault; 3) negligent infliction of emotional distress; 4) intentional infliction of emotional distress; and 5) wrongful imprisonment.

Currently before the court is a dispute regarding the admissibility of testimony of two witnesses, Reverend Carl McCluster and William Stewart, disclosed for the first time by the plaintiff on the eve of trial. For the reasons stated below, the testimony of Reverend McCluster and Stewart is excluded from trial.

Brown initiated this action by filing her complaint in Connecticut Superior

Court on February 6, 2006.  [Doc. #1]  From the inception of her case, Brown was represented by attorneys from the law firm of Discala, Discala & Papsly.  The defendants removed the case to federal court on March 7, 2006.  [Doc. #1]  The parties conducted a planning conference in accordance with Federal Rule of Civil Procedure 26(f) on April 17, 2006.  [Doc. #14]  The court (Kravitz, J) issued a scheduling order pursuant to Rule 16 of the Federal Rules on May 12, 2006.  [Doc. #18]  The court's scheduling order required that all discovery be completed by April 15, 2007, and that the parties file their joint trial memorandum and be trial ready by June 15, 2007.  On March 1, 2007, the court (Kravitz, J.) granted a thirty day extension of time on all existing deadlines, requiring all discovery to be completed by May 15, 2007, and the joint trial memorandum be filed by July 16, 2007.  [Doc. #28]

On May 9, 2007, the case was transferred before the undersigned.  [Doc. #33]  On July 12, 2007, the court issued a scheduling order reiterating the July 16, 2007, deadline for filing of the parties' joint trial memorandum, attaching a copy of chambers practices and standing orders regarding the form and content of joint trial memoranda, and scheduling trial for October 16, 2007.  [Doc. #36]

The parties failed to file a trial memorandum in any form by the July 16, 2007, deadline.  On July 30, 2007, the court issued an order to show cause by August 10, 2007, regarding the parties' failure to comply with the courts orders for filing the trial memorandum.  [Doc. #39, 40]  On August 9, 2007, the defendants filed an *ex parte* trial memorandum.  [Doc. #41]  On August 10, 2007, counsel for the plaintiff filed a motion for extension of time to file the trial

memorandum, certifying that Discala, Discala & Papsly intended to refer the matter to an unidentified attorney not associated with the firm for trial and requesting the additional time to complete negotiations with the attorney and allow new counsel to draft the trial memorandum. [Doc. #43] The court granted the motion, ordering that the parties file their joint trial memorandum in accordance with the previously issued chambers practices and standing orders by September 4, 2007. [Doc. #44]

On September 4, 2007, the plaintiff filed an *ex parte* trial memorandum, signed by attorneys from Discala, Discala & Papsly; no attorneys had filed a notice of in-lieu appearance on behalf of the plaintiff before September 4. [Doc. #48] On September 9, 2007, the defendants moved to continue the October 16, 2007, trial due to injuries suffered by Lariccia in the line of duty that required home confinement for convalescence. [Doc. #49] The court granted the defendants motion, continued trial until January 17, 2008, and ordered the parties to file a joint trial memorandum in accordance with the previously issued standing orders by December 14, 2007. [Doc. #51, 54]

On December 6, 2007, Francis O'Reilly from the law practice of O'Reilly & Shaw filed a notice of appearance on behalf of the plaintiff. The deadlines were of public record and were available for review by any attorney considering whether to accept this case. The parties again failed to file a joint trial memorandum by the court ordered deadline, December 14, 2007. On December 17, 2007, the court ordered the parties to file their joint trial memorandum that day. [Doc. #56] O'Reilly moved for an extension of time to file the trial

memorandum, claiming a hardship based on previously scheduled deadlines in other cases and that he only recently filed an appearance in this case. [Doc. #57] The court granted a one day extension. [Doc. #58] The next day, December 18, 2007, the parties filed a joint trial memorandum that did not conform to the court's orders. [Doc. #59] On December 20, 2007, the plaintiff filed an addendum to the trial memorandum, including additional proposed jury instructions. [Doc. #61] On January 3, 2008, the parties conducted jury selection, during which the court gave the parties an opportunity to address all open issues regarding the case. The plaintiff orally informed the court and the defendants that she intended to call her father as a witness despite the fact he was not disclosed in the trial memoranda.

On January 11, 2008, the plaintiff filed an amendment to the trial memorandum seeking to disclose yet another theretofore undisclosed witness. [Doc. #64] That proposed witness is Reverend McCluster. As justification for the late disclosure of Reverend McCluster as a witness, the plaintiff stated that O'Reilly had only recently filed an appearance in this matter and the previous trial memoranda had been prepared in large part by his predecessor counsel. The disclosure vaguely described Reverend McCluster's testimony only as "his recollection of the actions he may have witnessed on July 25, 2005." Additionally, the disclosure claimed the untimely disclosure would not prejudice the defendants because Reverend McCluster resides in "close physical proximity to defendants' counsel's office should defendants' counsel seek contact and/or depose said Rev. McCluster," with less than a week before the start of evidence.

According to the plaintiff, Reverend McCluster has been known to the plaintiff from the onset and is listed as a witness in a civilian complaint form used as the plaintiff's Exhibit 1 during Lariccia's deposition.

That same day, the defendants filed an objection to the untimely disclosure of Reverend McCluster as a witness. [Doc. #66] The defendants assert that they had no prior knowledge of Reverend McCluster as a witness to the events in questions, let alone for trial, a review of Lariccia's deposition transcript reveals questioning about the civilian complaint form concerned the procedures for filing such a complaint and Reverend McCluster was never mentioned, that the disclosure less than one week before trial would prejudice the defendants and not allow them adequate time to prepare, that the plaintiff failed to state the nature of Reverend McCluster's testimony to allow the defendants to prepare for trial, and that the plaintiff had ample prior opportunity to disclose the witness during discovery and several versions of the trial memorandum.

On January 15, 2008, the plaintiff moved to further amend the trial memorandum to include Stewart as a witness. [Doc. #69] The plaintiff claims she only learned of Stewart's potentially relevant testimony during conversations with Reverend McCluster. Also on January 15, 2008, the plaintiff disclosed Stewart and Reverend McCluster as rebuttal witnesses, purportedly to counter Lariccia's testimony regarding the activities in question. [Doc. #67]

Federal Rule of Civil Procedure 16 requires the court to issue scheduling orders controlling the deadlines in a civil litigation. See Fed. R. Civ. P. 16(b).

**Rule 16 also empowers the district court to conduct pretrial conferences to, among other things, "improve[] the quality of the trial through more thorough preparation." Fed. R. Civ. P. 16(a). "The rule provides the district courts with a powerful mechanism to organize and expedite litigation. The pretrial conferences contemplated by the Rule create an indispensable opportunity to clarify and delimit issues to be tried and to establish a timetable for the proceedings as a whole." Potthast v. Metro-North R.R., 400 F.3d 143, 153-54 (2d Cir. 2005) (quoting Senra v. Cunningham, 9 F.3d 168, 170 (1st Cir. 1993)).**

**Federal Rule 26(a) empowers to the court to schedule a deadline by which the parties must disclose all witnesses before trial. See Fed. R. Civ. P. 26(a)(3)(I); Patterson v. Balsamico, 440 F.3d 104, 116 (2d Cir. 2006). A party is not allowed to use any witnesses disclosed after the Rule 26(a) deadline unless the *party's* failure to comply was substantially justified or is harmless. See Fed. R. Civ. P. 37(c)(1); Patterson, 440 F.3d at 117.**

**When entertaining challenges to the introduction of witnesses for untimely disclosure in violation of court ordered deadlines, the district court should consider: "1) the *party's* explanation for the failure to comply with the discovery order; 2) the importance of the testimony of the precluded witness; 3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and 4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Sci. Communs., 118 F.3d 955, 961 (2d Cir. 1997) (emphasis added).**

**That a discovery deadline was issued by the court cannot be contested.**

The court's orders regarding the parties' joint trial memorandum explicitly sets forth that the memorandum shall be joint and disclose all witnesses that may be used at trial. The court issued six separate deadlines for the filing of the joint trial memorandum, each one setting a court ordered deadline for disclosure of witnesses. Of the six deadlines set, five were extensions, repeatedly extending the original deadline and accommodating each of the parties' requests.

Regarding the first <u>Softel</u> factor, the plaintiff has offered no viable explanation for her failure to comply with any of the court's deadlines. The plaintiff has been represented by counsel for the duration of this two-year-old case. The witnesses sought to be called were either known by or could have been known by the plaintiff in exercise of due diligence before this case was filed. None of the attorneys who filed appearances in this action managed to disclose either Reverend McCluster during discovery or when attempting to meet the July 16, August 10, September 4, December 14, December 17 or December 18 trial memorandum deadlines. Likewise, none of the attorneys have provided the court with a reason for their lack of diligence other than unpreparedness.

The second <u>Softel</u> factor involves the importance of the proposed witnesses testimony. The plaintiff has failed to disclose the nature of the witnesses' testimony, leaving their importance uncertain.

The third <u>Softel</u> factor takes into account any prejudice that me be suffered by the opposing party as a result of having to prepare to counter the new testimony. As an initial note, the prejudice is indefinable since the nature of the

witnesses' testimony is as yet undisclosed. Additionally, Reverend McCluster was first disclosed six days before evidence began in this trial and Stewart was disclosed a mere two days before trial. Such a short time frame leaves the defendants inadequate time to prepare any necessary responses, particularly when the plaintiff has provided no justification for the delay.

The final consideration from Softel involves the possibility of a continuance. Neither party has requested a continuance at this juncture. Regardless, the proximity to trial, inconvenience caused to jurors and witnesses and the waste of judicial resources in delaying the proceedings at this point does not favor a continuance if requested. The trial has already begun. The jury has been selected and sworn-in evidence is scheduled to commence. The trial is expected to last only three days, leaving no time for discovery to recommence.

None of the factors this court considers in determining the admissibility of untimely disclosed witness testimony weighs in favor of allowing Reverend McCluster and Stewart to testify. Accordingly, the testimony of Reverend McCluster and Stewart shall be excluded from trial in any form.

IT IS SO ORDERED.

/s/

**Vanessa L. Bryant**

**United States District Judge**

**Dated at Hartford, Connecticut: January 16, 2007.**